[No. 25624.   Department One.   June 24, 1935.]

RUSSELL SCARLETT, *Appellant*, v. PEOPLES BANK AND TRUST COMPANY *et al., Respondents.*[1]

*Hyland, Elvidge & Alvord,* for appellant.

*Kerr, McCord & Carey* and *Green & Burnett,* for respondents.

TOLMAN, J.—The appellant, as plaintiff, brought this action to recover upon an oral promise or contract made, as he alleges, by Lily G. Neufelder in her lifetime, by the terms of which the promissor agreed that, if the plaintiff would remain in her employ as a chauffeur and personal attendant until her death, she would bequeath to him by her last will the sum of five thousand dollars.  The complaint alleges the failure to perform the promise, the presentation to the executors and the rejection by them of a claim therefor, and that such rejection occurred within thirty days preceding the commencement of this action.  The

[1]Reported in 46 P. (2d) 1045.

answer denies that any such promise or contract was ever made.

A jury was impaneled to try the cause; the plaintiff produced evidence and rested, whereupon the defendants interposed a challenge to the sufficiency of the evidence and moved for judgment in their favor upon the merits. The challenge was sustained, the motion granted, and a judgment followed dismissing the action with prejudice. The plaintiff has appealed.

The law applicable to cases of this kind is well settled in this jurisdiction. In *Henry v. Henry,* 138 Wash. 284, 244 Pac. 686, after reviewing our previous decisions, we said:

"We are prepared to make, and are justified in making, a statement even more stringent than that, and to hold that one seeking to establish an oral contract, whereby property of the deceased is sought to be taken, must establish all the elements of the contract and a right to have it enforced beyond all reasonable doubt. Without such a rule, no estate of any considerable size is safe from claims that it has been devised and bequeathed by word of mouth."

We have not since in anywise modified that rule.

But appellant contends, notwithstanding the rule, that, in an action at law tried to a jury, such as this, if there be substantial evidence, it is for the jury, under a proper instruction by the court, to determine whether or no the evidence in the particular case measures up to the required standard.

Assuming, without deciding, that, in a proper case, such would be the correct practice, we have left for decision here the question of whether there was any substantial evidence in this case to go to the jury.

There are, of course, many incidents which have a more or less remote bearing upon the question, properly received in evidence, as disclosed by the record, which cannot be here detailed. It must suffice to say

that the appellant entered the employ of Mr. and Mrs. Neufelder as a chauffeur about the year 1920, that both trusted him and became fond of him. After the death of Mr. Neufelder in 1923, appellant continued in the employ of Mrs. Neufelder, and she came still more to trust and depend upon him. Within a year or so after Mr. Neufelder's death, according to the testimony of the nurse who was an attendant upon Mrs. Neufelder, the following occurred:

"Q. What, if anything, did she say about Russell when she was at the Northcliffe? A. Well, she said— I was at that time taking care of her at night. She called me—Miss MacRea was at lunch, and she called me and said that she had made an agreement with Russell, had a talk with him, that she wanted him to stay with her as long as she lived, and that she wanted him to have $5,000. And she spoke of others; Effie McCloud and Mr. Thomas's children. Q. What words did she use, Miss Muller? A. Well, she wanted me to put it down, and she said that she talked to Russell that she wanted him to stay as long as she lived, be her driver, and in case she should pass away before her brother she wanted Russell Scarlett to take care of him, because she knew that her brother liked Russell Scarlett very much, and that she knew he would take good care of him. Q. What, if anything, did she say that Russell said he would do? A. Why, yes, she said that Russell promised her, made an agreement with her, that he would stay with her. Q. And what did she say she would do for him? A. She said she would leave him $5,000."

The force of this testimony is considerably modified by the cross-examination of the witness, but for present purposes we accept it at its face value. This is the only direct or substantial evidence of the making of any promise or contract. After this time, the appellant remained with Mrs. Neufelder for about a year, receiving his regular salary of $125 per month.

He then left her employ, apparently of his own free will. Certainly, there is nothing in the record to indicate otherwise. He went to California, where he was employed by others and where he remained for a period of twenty months, Mrs. Neufelder during that period being served by other chauffeurs.

At Mrs. Neufelder's request, appellant was invited to return, but did not do so for some considerable time after he received the invitation. Finally, he did return and was reemployed at an increased salary. There is testimony to the effect that Mrs. Neufelder was very glad indeed to have him back in her employ, and that she then expressed the wish or hope that he would remain with her as long as she might live, but there is no word of testimony of any new promise or contract at that time, or at any time after appellant returned, nor do we find any testimony which will support an inference that the former contract or promise (if there was one) was in any manner revived.

Taking the plaintiff's whole case with every inference and intendment in his favor, it appears conclusively that, if a promise was made, it was based upon the consideration that the appellant should remain in the employ of Mrs. Neufelder so long as she lived. When the appellant left that employment the consideration for the promise failed; and by his act in so leaving he abandoned and forfeited the contract and all of his rights thereunder, and, of course, cannot now recover upon that contract. A well considered case so holding upon similar facts is *Felz v. Felz's Estate,* 170 Wis. 550, 174 N. W. 908.

Since there was no evidence of a contract or promise made after the return of the appellant, and since it affirmatively appears from the evidence offered on his behalf that he had abandoned and forfeited the only contract of which there was any evidence, there

was nothing upon which a verdict in his favor might rest, and the trial court correctly so ruled.

The judgment is affirmed.

MILLARD, C. J., MAIN, BEALS, and GERAGHTY, JJ., concur.